PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Hamilton Sanchez

**Docket Number:** 95-00047-001
**PACTS Number:** 9951

**Name of Sentencing Judicial Officer:** HONORABLE DICKINSON R. DEBEVOISE
SENIOR UNITED STATES DISTRICT JUDGE

**Date of Original Sentence:** 07/24/1995

**Original Offense:** CONSPIRACY TO IMPORT MORE THAN 3 KILOGRAMS OF COCAINE AND MORE THAN 1 KILOGRAM OF HEROIN

**Original Sentence:** 151 months imprisonment; 5 years supervised release. Special conditions: drug/alcohol aftercare, financial disclosure, and to obtain his general equivalency diploma (GED) while on supervision, if not obtained while in custody.

**Type of Supervision:** supervised release

**Date Supervision Commenced:** 05/05/10

**Assistant U.S. Attorney:** Andrew Carey, 970 Broad Street, Room 502, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** Peter M. Weiner, 1291 Paterson Plank Road, Secaucus, New Jersey 07094, (201) 422-0770

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. | The offender has violated the standard supervision condition which states 'You shall not commit another federal, state, or local crime.' |
| | On May 3, 2012, the offender was arrested by special agents from the Drug Enforcement Administration (DEA) for the law violation of conspiracy to distribute and possess with intent to distribute heroin. The offense conduct which was the basis for the arrest, allegedly occurred from on or about February 15 through April 10, 2012. |

2.    **The offender has violated the standard supervision condition which states 'You shall not commit another federal, state, or local crime.'**

The offender violated the law, specifically Title 18 U.S.C. §1001, by his materially false, fictitious, or fraudulent statements on monthly supervision reports submitted to the U.S. Probation Office as evidenced by the following:

The offender made a materially false, fictitious, or a fraudulent statement on his monthly supervision report for the month of November 2011, by answering "no" to the following question on side two, Part E of the document, "did you use or possess any illegal drugs?", when in fact he possessed and used marijuana on November 16, 2011, as evidenced by his verbal and written admission to the undersigned officer during an office visit on November 30, 2011.

The offender made a materially false, fictitious, or a fraudulent statement on his monthly supervision report for the month of March 2012, when he did not indicate his cellular telephone number, and his contact with Juan Jose Rodriguez who has a criminal record, as evidenced by the Drug Enforcement Administration (DEA) investigation and information contained in the criminal compliant.

3.    **The offender has violated the standard supervision condition which states 'You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.'**

The offender used drugs, specifically marijuana, on November 16, 2011, as evidenced by his verbal and written admission during an office visit on November 30, 2011.

4.    **The offender has violated the standard supervision condition which states 'You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.'**

From on or about February 15 through April 10, 2012, the offender associated with Juan Jose Rodriguez who was engaged in criminal activity, as evidenced by Rodriguez's arrest by special agents from the Drug Enforcement Administration (DEA) on May 3, 2012, for the law violation of conspiracy to distribute and possess with intent to distribute heroin.

Rodriguez has numerous arrests and is also a two time-convicted felon (FBI # 750438FB4, NJ SBI # 990147B) as evidenced by his convictions in Hudson County Superior Court on January 13, 2005, for two separate arrests involving possession of a controlled dangerous substance on school property, for which he was sentenced to the custody of the New Jersey Department of Corrections.

I declare under penalty of perjury that the foregoing is true and correct.

By:  Kevin J Mullens
     Senior U.S. Probation Officer
Date: 5/7/12

## THE COURT ORDERS:

[x] The Issuance of a Warrant
[ ] The Issuance of a Summons.  Date of Hearing: _____.
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

May 7, 2012
_____
               Date

**UNITED STATES DISTRICT COURT**
**PROBATION OFFICE**
**DISTRICT OF NEW JERSEY**

**WILFREDO TORRES**
CHIEF PROBATION OFFICER

**200 FEDERAL PLAZA**
**ROOM 130**
**PATERSON, NJ**
**(973) 357-4080**
**FAX: (973) 357-4092**

May 7, 2012

<u>**Mailing Address:**</u>

**50 WALNUT STREET**
**ROOM 1001**
**P.O. BOX 459**
**NEWARK, NJ 07101-0459**

**www.njp.uscourts.gov**

The Honorable Dickinson R. Debevoise
Sr. U.S. District Court Judge
Martin Luther King Jr., Federal Building and Courthouse
P.O. Box 0999
Newark, New Jersey 07102-0999

> RE: **SANCHEZ, Hamilton**
> Dkt. No.: 95-CR-00047-001
>
> <u>**R E P O R T    O F    N E W**</u>
> <u>**A R R E S T / R E Q U E S T    F O R**</u>
> <u>**WARRANT**</u>

Dear Judge Debevoise:

On July 24, 1995, the above-mentioned appeared before Your Honor, for sentencing upon being convicted of conspiracy to import more than 3 kilograms of cocaine and more than 1 kilogram of heroin. Sanchez was sentenced to one hundred fifty-one (151) months custody. Upon being released from custody, the offender was placed on supervised release for five (5) years. While on supervision Sanchez was ordered to comply with special conditions of drug and alcohol aftercare, financial disclosure, and to obtain a general equivalency diploma(GED) while on supervision, if not obtained while in custody. Lastly, the offender was ordered to pay a special assessment of $50, and a $2,000 fine.

As Sanchez was nearing the completion of his federal sentence, he arrived at our federal halfway house for re-entry purposes on October 14, 2004, with a release date of March 12, 2005. While at the halfway house, there was a brutal murder of the Armanious family (husband, wife and their 16 and 9 year old daughters) on January 11, 2005. Subsequent investigation by federal, state, and local officials led to Sanchez being arrested in March 2005 while still at the halfway house. Additionally, a second suspect who was on supervised release, Edward McDonald, was also arrested in connection with the crime.

At the time of arrest, McDonald provided law enforcement with a video taped confession admitting to the murders, as well as implicating Sanchez as his accomplice. Despite the video taped confession, McDonald opted to go to trial on the charges. He was subsequently convicted of four (4) counts felony murder, as well as numerous other charges, for which he was sentenced to serve 300 years in New Jersey State Prison.

The Honorable Dickinson R. Debevoise
page 2

Sanchez also elected to go to trial on the case. Although charged with numerous offenses, law enforcement authorities were unable to find significant physical evidence linking the offender and McDonald at the crime scene. Thus, the prosecution's case against Sanchez was based mostly on McDonald's video taped statement. At the time of Sanchez's trial even though McDonald was afforded immunity from being further charged with other crimes which may have arisen from his testimony against Sanchez, McDonald refused to testify. Based upon McDonald's refusal to testify, the video taped confession implicating Sanchez was ruled inadmissable, resulting in the charges against the offender being dismissed without prejudice on February 5, 2009.

Subsequent to the dismissal of the state charges, Sanchez was returned to federal custody. Given that the alleged crimes occurred while he was a halfway house resident, the Bureau of Prisons charged him as a technical escapee from the halfway house. Sanchez previously completed the 500 hour drug program while in the Bureau of Prisons, which afforded him a reduction of his sentence. However, given the technical escape charge, the Bureau of Prisons ruled to take away his good time, with Sanchez returned to federal custody for service of the remainder of his sentence.

The offender was released from custody on May 6, 2010, and has been supervised by the undersigned officer to date.

On May 3, 2012, the offender was arrested by special agents from the Drug Enforcement Administration (DEA) for the law violation of conspiracy to distribute and possess with intent to distribute heroin. The offense conduct which was the basis for the arrest, allegedly occurred from on or about February 15, 2012 through April 10, 2012. The charges remain pending disposition at the time.

Given the offender's re-involvement in criminal activity, submission of false monthly supervision reports, association during the aforementioned criminal activity with Jose Rodriguez Jr, who has sustained multiple felony drug convictions, and by Sanchez's drug use as detailed in the attached Probation Form 12C, we are respectfully requesting the issuance of a warrant for the offender. This warrant would be lodged as a detainer, as the offender is currently in federal custody for the new offense. Should Your Honor require additional information or wish to discuss the matter further we will be available at your convenience.

Very truly yours,

Wilfredo Torres, Chief
U.S. Probation Officer

*Kevin J Mullens*

By: Kevin J. Mullens
    Senior U.S. Probation Officer

/kjm